NOT FOR PUBLICATION

RECEIVED

AUG 1 6 2005

AT 8:30 _____
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY PARKER,

:
:
:
:              Civil Action
          Petitioner,            :       No. 04-3690 (GEB)
:
    v.                           :
:                  **O P I N I O N**
UNITED STATES OF AMERICA         :
:
:
          Respondent.           :
:

**APPEARANCES**

ANTHONY PARKER, #19831-050, Petitioner Pro Se
FCI Fort Dix
Bldg. 5802
Fort Dix, New Jersey 08640

ANITA M. RAMAN, Assistant United States Attorney
CHRISTOPHER J. CHRISTIE, United States Attorney
Office of the United States Attorney
970 Broad Street, Room 702
Newark, New Jersey, 07102
Attorneys for Respondent

**BROWN, JR., DISTRICT JUDGE**

Petitioner Anthony Parker ("Parker"), a prisoner confined at

the Federal Correctional Institution at Fort Dix, New Jersey

("FCI Fort Dix"), has submitted a Petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 challenging his federal

conviction.  For the reasons set forth below, the Court will

dismiss the Petition for lack of subject matter jurisdiction.

## I. BACKGROUND

After pleading guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), Petitioner was convicted and sentenced pursuant to an indictment returned September 7, 1996, charging him with four counts of drug distribution and possession of a firearm by a felon, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). (Pet., Statement of the Case; Respondent's Memorandum of law, Procedural History.)

On March 14, 1997, Petitioner was sentenced to 150 months' confinement, five years of supervised release, and a fine of $20,000.00. (Pet.,Statement of the Case.) On or about April 7, 1997, Petitioner's sentence was modified to reflect 210 months' imprisonment. (Id.) Petitioner alleges that the first sentence was never vacated. (Id.) Petitioner appealed and the Third Circuit affirmed on April 7, 1999; Petitioner then filed an application for habeas relief pursuant to 28 U.S.C. § 2255 and supplemented the application on April 15, 1999. (Id.) Relief was denied and no certificate of appealability was issued. (Id.) Petitioner currently is serving his sentence at FCI Fort Dix. (Id.)

In this Petition, brought pursuant to 28 U.S.C. § 2241, Petitioner seeks habeas relief, specifically requesting that this Court "order a hearing to determine the type of relief Petitioner

2

will receive." Petitioner raises the following grounds for relief, which are set forth here verbatim:

1. The Court lacked jurisdiction to have convicted and sentenced Petitioner for distributing cocaine base (crack) while the evidence established that Petitioner only possessed cocaine base, which carries a lesser sentence in violation of due process to the constitution.

2. The Court lacked jurisdiction to impose a second sentence upon the Petitioner on the same offense when it had imposed the first sentence, and never vacated the first sentence before it imposed the second sentence in violation of Petitioner's due process rights of the constitution.

3. In light of Blakely v. Washington, the Court was without jurisdiction to enhance Petitioner's sentence with the uncharged drugs, role of offense, and for obstruction of justice, and thus in violation of Petitioner's due process rights under the United States Constitution.

4. Petitioner received ineffective assistance of counsel at pre-trial, and appellate level. [Pet., pp 1-2.)

Respondent opposes the Petition.


## II.   DISCUSSION

A federal habeas corpus petition is required to "specify all the grounds for relief" and to set forth "the facts supporting each of the grounds thus specified." See Rule 2(c) of Rules Governing Section 2254 Cases in United States District Courts, applicable through Rule 1(b) to Petitions under 28 U.S.C. § 2241. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, see 28

3

U.S.C. § 2254 Rule 4." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

Moreover, "in conducting habeas review, a federal court is limited to deciding whether a conviction [or confinement] violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). Section 2241 provides in relevant part:

> . . . Writs of habeas corpus may be granted
> by the Supreme Court, any justice thereof,
> the district courts and any circuit judge
> within their respective jurisdictions . . .
> (C) The Writ of habeas corpus shall not
> extend to a prisoner unless- . . . (3) He is
> in custody in violation of the Constitution
> or laws or treaties of the United States. . .
> [28 U.S.C. § 2241)(C)(3).]

A prisoner seeking post-conviction relief from a federal conviction or sentence is authorized to bring his collateral attack by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. See Davis v. United States, 417 U.S. 333, 343-44(1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides, in relevant part:

4

A prisoner in custody under sentence of a
court established by Act of Congress claiming
the right to be released upon the ground that
the sentence was imposed in violation of the
Constitution or laws of the United States, or
that the court was without jurisdiction to
impose such sentence, or that the sentence
was in excess of the maximum authorized by
law, or is otherwise subject to collateral
attack, may move the court which imposed the
sentence to vacate, set aside or correct the
sentence. [28 U.S.C. § 2255.]

Moreover, § 2255 also states:

A second or successive motion must be certified as
provided in section 2244 by a panel of the appropriate
court of appeals to contain-

(1) newly discovered evidence that,
if proven and viewed in light of the
evidence as a whole, would be sufficient
to establish by clear and convincing evidence
that no reasonable factfinder would have
found the movant guilty of the offense; or

(2) a new rule of constitutional law, made
retroactive to cases on collateral review
By the Supreme Court, that was previously
unavailable.

Section 2255 expressly prohibits a District Court from
entertaining a challenge to a prisoner's federal sentence under
28 U.S.C. § 2241 unless the remedy under § 2255 is "inadequate or
ineffective" to test the legality of a petitioner's detention:

An application for a writ of habeas corpus
[pursuant to 28 U.S.C. § 2241] in behalf of a
prisoner who is authorized to apply for
relief by motion pursuant to this section,
shall not be entertained if it appears that
the applicant has failed to apply for relief,
by motion, to the court which sentenced him,
or that such court has denied him relief,
unless it also appears that the remedy by

5

> motion is inadequate or ineffective to test
> the legality of his detention. [28 U.S.C. § 2255]

See Okereke v. United States, 307 F.3d 117, 119-20 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971). Petitioner bears the burden of establishing that his § 2255 remedy is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. See also Okereke, 307 F.3d at 120 (citing Cradle).  If the sentencing court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking," then § 2255 is not inadequate or ineffective. United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538. See also In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (the fact that "an individual is procedurally barred from filing a § 2255 application..." does not make § 2255 inadequate or ineffective).

6

Applying these principles in the instant matter, the grounds raised in Parker's § 2241 submission falls within the scope of claims that are cognizable under § 2255.  See United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255; challenges to the manner in which a sentence is being executed should be brought under § 2241).  Parker has already availed himself of the opportunity to apply for relief under § 2255; therefore, Petitioner is prohibited from proceeding under § 2241 unless § 2255 is inadequate or ineffective to raise the claims asserted.

In the instant Petition, Petitioner is challenging the imposition and validity of his sentence on a number of grounds. It is evident that Petitioner could have raised claims 1,2, and 4 in his first § 2255 Petition, and can not now raise these claims in a § 2241 application if he failed previously to raise them under § 2255 and the appropriate limitations period may have expired, or because he has been denied permission by a Court of Appeals to file a second § 2255 application.  Review of the submissions of the parties shows that Petitioner simply had an opportunity for presentation of the claims in this Petition under § 2255.  See also Cradle, supra, 290 F.3d at 539 ("[Petitioner] cites neither an intervening change in the law nor any extraordinary circumstances...to establish that his remedy under

7

§ 2255 is inadequate or ineffective." citing <u>Dorsainvil</u>, <u>supra</u> at 251-52).

Respecting Petitioner's claim pursuant to <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) (Claim 3), it also fails.  As previously noted in the text of the statute, Petitioner does not qualify to bring a second or successive § 2255 Petition unless <u>Blakely</u> is shown to be "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable".  <u>See</u> 28 U.S.C. § 2255.  <u>Blakely</u> has not been made retroactive by the Supreme Court. <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005); <u>In Re Olopade</u>, 403 F.3d 159 (3d Cir. 2005); <u>Cook v. U.S.</u>, 386 F.3d 949 (9th Cir. 2004)(Supreme Court did not make <u>Blakely</u> retroactive to cases on collateral review).

From the foregoing analysis, this Court concludes that Petitioner does not qualify to bring a second or successive § 2255 Petition, and that § 2255 is not, for that reason or any other asserted, inadequate or ineffective to raise the grounds asserted by Petitioner in the instant matter.  Accordingly, this Court lacks jurisdiction to entertain the Petition for habeas corpus relief submitted pursuant to 28 U.S.C. § 2241.[1]

---

[1]  A review of the Petition reveals that Petitioner also has not, beyond an unsupported assertion, made a showing of actual innocence.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) " '[A]ctual innocence' means factual innocence, not mere legal insufficiency."; <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 321-22, (1995).  Petitioner claim is essentially one of legal insufficiency.

### III. CONCLUSION

Based on the foregoing discussion, the Court will dismiss the Petition for lack of jurisdiction.

An appropriate Order accompanies this Opinion.


GARRETT E. BROWN, JR.
UNITED STATES DISTRICT JUDGE


DATED *August 15* , 2005

9